J-S43032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRONE TOMLIN | |
| Appellant | No. 2855 EDA 2014 |

Appeal from the PCRA Order September 3, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0201421-1998

BEFORE: GANTMAN, P.J., PANELLA, J., and OLSON, J.

JUDGMENT ORDER BY GANTMAN, P.J.:            **FILED JULY 22, 2015**

Appellant, Tyrone Tomlin, appeals from the order entered in the Philadelphia County Court of Common Pleas, dismissing his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On February 16, 2000, a jury convicted Appellant of third-degree murder and related offenses. The court sentenced Appellant on April 26, 2000, to an aggregate term of 23½ to 47 years' imprisonment. This Court affirmed the judgment of sentence on April 9, 2001, and our Supreme Court denied petition for allowance of appeal on August 20, 2001. ***See Commonwealth v. Tomlin***, 778 A.2d 739 (Pa.Super. 2001), *appeal denied*, 566 Pa. 681, 784 A.2d 117 (2001).

On September 13, 2001, Appellant timely filed his first PCRA petition, which the PCRA court ultimately denied. This Court affirmed, and our

Supreme Court denied allowance of appeal. Appellant subsequently filed a second PCRA petition, which was unsuccessful. Appellant filed the current PCRA petition *pro se* on December 5, 2012. On August 7, 2014, the PCRA court issued Rule 907 notice; and Appellant responded *pro se* on August 22, 2014. The PCRA court dismissed Appellant's petition on September 3, 2014. Appellant timely filed a notice of appeal on October 1, 2014. No Rule 1925(b) statement was ordered or filed.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). Section 9545(b)(1)(ii) requires the petitioner to allege and prove facts unknown to him, which he could not have ascertained by the exercise of due diligence. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii).

Instantly, Appellant's judgment of sentence became final on November 18, 2001, upon expiration of the time to file a petition for writ of *certiorari*. Appellant filed his current petition on December 5, 2012, more than eleven years after the judgment became final; thus, it is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "after discovered facts" exception under Section 9545(b)(1)(ii) by contending a witness had provided Appellant with a statement of the witness' version of the events that led to Appellant's convictions. Nevertheless, Appellant failed to prove how, with the exercise of due diligence, he could not have discovered the evidence earlier, when the witness' unsworn statement indicated he had been with Appellant on the night of the crimes. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). Thus, Section 9545(b)(1)(ii) cannot serve to excuse Appellant's otherwise untimely petition. **See id.** Accordingly, the PCRA court properly dismissed Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2015

- 3 -